IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-02038-WYD-MJW

ROBERT BLOMQUIST,

    Plaintiff,

v.

EASTON CYCLING, a foreign Company; and
EASTON-BELL SPORTS, a foreign company,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on the Notice of Removal (ECF No. 1), filed August 3, 2012.  By way of background, this is a product liability and personal injury action arising from injuries Plaintiff allegedly sustained while riding a bicycle that failed to perform properly.  (Compl. ¶ 1).

On August 3, 2012, Defendants Easton Bell Sports and Easton Sports, Inc.[1] ("Defendants") filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Defendants assert in the notice of removal that the amount in controversy requirement is satisfied.  Further, Defendants assert that while Plaintiff is a citizen of Colorado, Defendants are Delaware corporations with their principal places of business in California.

After carefully reviewing the pleadings, I find that this case must be remanded

---

[1] Defendant states that Easton Sports, Inc. is the proper name, not Easton Cycling.

based on the failure of the Defendants to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the Complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). I note that there is no reference to any dollar amount in the state court Complaint. Further, there is no reference to any damage amount in the "damages" section of the Complaint. Thus, I turn to the notice of removal. The notice of removal merely states the following in relevant part:

> Plaintiffs allege that their damages include "urological injury, nerve damage, permanent bodily injury, permanent physical impairment, pain and suffering, loss of life enjoyment, loss of earnings and earning capacity, and past and future medical and rehabilitation expenses." (Exhibit A, at ¶ 7). On the Civil Cover Sheet filed in this matter, Plaintiff indicated that he was seeking more than $100,000 in damages. (Exhibit B, Civil Cover Sheet). If the injuries alleged by Plaintiff are accurate, it would cost well over $100,000 to satisfy the Plaintiffs' demands and, therefore, the amount in controversy in this matter exceeds $75,000.

(ECF No. 1, Notice of Removal ¶ 4.)  That is the only allegation in the notice of removal regarding the amount in controversy.  I find that the Defendants have failed to meet their burden of affirmatively establishing the amount in controversy on the face of either the petition or the notice of removal.  The notice of removal's vague reference to the amount in controversy is not sufficient to establish that the jurisdictional amount is satisfied.  The fact that Plaintiff has listed various damages in the underlying Complaint does not affirmatively establish that the amount in controversy exceeds $75,000.  The amount in controversy of each damage category or injury is unknown.  Therefore, I cannot discern the amount in controversy based on the contents of both the Complaint and the notice of removal.

Moreover, I reject Defendants' argument that *Valdez v. Byers*, 2009 WL 1440090 (D. Colo. May 20, 2009) supports removal of this action.  In fact, I find that *Valdez* stands for the opposite conclusion—remand of this action to the state court.  In *Valdez*, District Judge Christine M. Arguello found that both a plaintiff's settlement demand letter of $290,000.00 based on bodily injuries coupled with plaintiff's state court Civil Cover Sheet, which indicated that plaintiff was seeking more than $100,000.00 in damages, satisfied the jurisdictional amount in controversy requirement.  *Id.*

In contrast, here, Defendants merely cite to the Plaintiff's Civil Cover Sheet and a list of damages set forth in the Complaint.  First, a number of cases from this Court have held that reliance solely on the Civil Cover Sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See Baker*

*v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434 at * 3-4 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852 at *3 (D. Colo. 2007); *Dean v. Illinois Nat. Ins. Co.,* 07-cv-01030-MSK-MJW, 2007 WL 2937014 at *1 (D. Colo. 2007). Thus, I find that Defendants' reference to the civil cover sheet is insufficient to satisfy the jurisdictional amount in controversy requirement.

Second, unlike the *Valdez* defendants who submitted plaintiff's demand letter to the court, the Easton Defendants have not submitted any information or documentation showing that Plaintiff's damages would exceed $75,000. Plaintiff's list of injuries gives me no information regarding the monetary value or damage associated with each injury. Therefore, I cannot discern the amount in controversy based on the contents of both the Complaint and the notice of removal. In other words, the Defendants did not affirmatively establish the amount in controversy in order to satisfy the narrow requirements set forth in the removal statute.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Boulder County Colorado District Court from which the case was removed.

Dated: August 21, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge